IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re : Oceana Subpoena

RIVERSIDE TEXACO, ET AL.,          )
                                   )
        Plaintiffs,                )
                                   )   Case No. 1:07-mc-00504
        v.                         )   JUDGE KOLLAR-KOTELLY
                                   )
OCCIDENTAL CHEMICAL CORPORATION,   )
ET AL.,                            )
                                   )
        Defendants.                )
_____)


**THIRD PARTY OCEANA'S MEMORANDUM OF LAW IN SUPPORT OF
OPPOSITION TO OCCIDENTAL CHEMICAL CORPORATION'S
MOTION TO COMPEL AND CROSS MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

COMES NOW Non-Party Oceana, Inc. ("Oceana"), by and through its undersigned counsel, and respectfully submits this opposition pursuant to Federal Rule of Civil Procedure 45(c)(2)(B) and Local Rule 7(b) to the Motion of Defendant Occidental Chemical Corporation ("Occidental") to comply with subpoena and asks this Court to issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Occidental seeks to compel the production of any documents referencing or evaluating 1) any mercury testing samples Oceana may have taken of property in the greater Muscle Shoals, Alabama area, 2) mercury testing samples Oceana may have taken of humans in the Muscle Shoals, Alabama area, and 3) information relating to Oceana's mercury pollution advocacy efforts which may involve Occidental. (Oceana Subpoena, Attachment A ¶ 1).

As to the first category of documents, Oceana informed the defendant through counsel in a letter dated October 30, 2007 that at no time has it ever performed any mercury testing on earth samples from the Muscle Shoals area. (Occidental Mot. to Comp., Ex. I). Occidental's attempted

- 2 -

discovery of documents relating to human mercury testing or general mercury-related advocacy is not designed to identify information relevant to its defense and consequently the sought after documents are not discoverable pursuant to Rule 26(b)(1). Plaintiffs in the underlying suit initially brought claims for personal injury and property damage resulting from Defendant Occidental's alleged mercury pollution which is a byproduct of its chlorine production. The Plaintiffs, however, subsequently amended the Complaint, dropping the class certification request in favor of pursuing claims from 272 co-plaintiffs only for damage to property and emotional distress. Any research that Oceana has done on the levels of mercury toxicity in residents of the Muscle Shoals area will not tend to prove or disprove any fact at issue in a case involving claims of property damage or emotional distress and anxiety arising from Occidental's alleged pollution in the Muscle Shoals, Alabama, area, nor will it lead to the discovery of admissible and probative evidence. As such, production of such information is not warranted.

Defendant's attempt to seek the production of any information relating to Oceana's mercury pollution advocacy efforts which may involve Occidental is even more attenuated and less relevant to the case at hand than the mercury toxicity research, and amounts to nothing more than a thinly veiled fishing expedition of Oceana's future activities regarding advocating for the abolition of the outmoded technology used by Occidental. Oceana is not a party to this claim, nor is it currently a party to any law suit involving Occidental. Similarly, Oceana maintains no supervisory or supporting relationship with any party with a claim in this suit. Occidental's attempt to seek the production of information relating to any advocacy efforts that may focus on Defendant is disingenuous, overly burdensome, and wasteful of judicial resources. Accordingly, Oceana asks the Court to deny Occidental's Motion to Compel the Production of Documents and enter a protective order excluding the documents sought in the Subpoena.

## BACKGROUND

Plaintiffs Riverside Texaco, Gladys Pullen, Willie Jones, Carlos G. McMullins, Hazel I. Cox, James R. Harris and Walter Jackson initially filed this law suit as a class action in Colbert County Alabama Circuit Court on January 10, 2007 seeking compensatory damages for diminished property values, remediation costs, personal injuries and emotional distress all stemming from the alleged mercury pollution at the hands of the defendants.[1] Defendant Occidental, David Rysloski, and Anita Mitchell removed the suit to federal court in the Northern District of Alabama based on diversity jurisdiction on February 8, 2007. Plaintiffs filed the First Amended Complaint on February 14, 2007 as a class action alleging physical harm to the class members and their property under theories of negligence, gross negligence, trespass, nuisance, strict liability, and fraud.[2] On September 5, 2007, Plaintiffs subsequently filed a Second Amended Complaint asserting claims for relief for real property damage, remediation costs, and emotional distress brought about by the interference with the peaceful enjoyment of their property.

Defendant Occidental filed the instant subpoena with the Court on July 13, 2007. Oceana responded on August 2, 2007 by producing 204 pages of material responsive to the subpoena and a letter that questioned the relevance, objected to the scope, and raised confidentiality questions about any additional sought after documents in Oceana's possession. (Occidental Mot. to Comp., Ex. G).

---

[1] Until its eventual closing, the Occidental Chemical Corporation's Muscle Shoals, Alabama facility utilized a process devised in 1894 to produce chlorine by pumping a saltwater solution through a vat of mercury, called a mercury-cell. DAWN WINALSKI, SANDRA MAYSON & JAQUELIN SAVITZ, OCEANA, POISON PLANTS: CHLORINE FACTORIES ARE A MAJOR GLOBAL SOURCE OF MERCURY 11 (2005). A byproduct of this antiquated process is the release of mercury into the air and water, along with the need for offsite disposal of spent mercury. *Id.* According to 2002 Environmental Protection Agency data, the Occidental plant in Muscle Shoals was the seventeenth highest producing site of mercury air emissions in the United States. *Id.*

[2] The Northern District of Alabama dismissed the fraud claim without prejudice on April 26, 2007.

Following its letter, Oceana made a good faith effort to work with counsel for the defendant to make an appropriate production, offering to turn over the results of any mercury testing on hair samples in the Muscle Shoals, Alabama area but with any personal indicators redacted so as not to violate the provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), which prohibits the disclosure of any information about the health status of a person without prior consent, or intrude on the general privacy interests of the volunteer test subjects. (Occidental Mot. to Comp., Ex. K). On November 20, 2007, counsel for Occidental informed Oceana that the production of redacted test results would not be sufficient and that Occidental would be moving forward with a motion to compel, bringing us to the instant matter before the Court.

## DISCUSSION

The Court should deny Occidental's Motion to Compel and enter a protective order in favor of Oceana for two reasons: 1) the information sought in the subpoena is not discoverable because even under Rule 26(b)(1)'s broad standard, it is irrelevant to any claim or defense in the underlying suit, and 2) a portion of the information requested is confidential medical record and the subjects' privacy interest far outweighs the negligible relevance of the information to the underlying law suit. "The party moving to compel production of documents bears the initial burden of explaining how the requested information is relevant." *Jewish War Veterans of the United States of America, Inc. v. Gates*, 506 F.Supp.2d 30, 42 (D.D.C. 2007) [hereinafter *Jewish War Veterans*] (citing *Bethea v. Comcast*, 218 F.R.D. 328, 329 (D.D.C. 2003)). "Once that showing is made, however, the burden shifts to the objecting party to explain why discovery should not be permitted." *Id.*

### I.   The Information Sought in the Subpoena Is not Discoverable Because It Is not Relevant to Any Claim or Defense in the Underlying Suit

The Court should deny Defendant Occidental's Motion to Compel the production of documents because the materials sought are not relevant to any claim or defense in this case. Rule

26(b)(1) authorizes discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." FED. R. CIV. P. 26(b)(1). "Relevance for discovery purposes is broadly construed." *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005). "[A] party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case." *Jewish War Veterans*, 506 F.Supp.2d at 42. "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.*, 1:05-cv-2195, 2007 WL 2752142, at * 2 (D.D.C. Sept. 21, 2007) (citing *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C.Cir.1984)).

Defendant claims that "[t]he issues in the underlying Riverside Texaco litigation revolve around plaintiffs' exposure to mercury (if any) from OxyChem's plant." (Occidental Mot. to Comp. ¶ 16). Occidental further asserts that "hair sampling results are highly relevant evidence of the plaintiffs' exposure to mercury from OxyChem's plant . . . ." (*Id.* at 6). Were plaintiffs' claims for personal injury arising out of Occidental's alleged pollution, the Defendant's request for documents would not be so misguided. The underlying case pending before the Northern District of Alabama pertains to claims asserted for property damage and emotional distress that arose from property damage. Whether or not a sampling of volunteer test subjects from the Muscle Shoals, Alabama area had high levels of mercury concentration in their hair is simply not relevant to whether or not the actions or omission of a chemical company damaged or interfered with the enjoyment of real property. Moreover, the statistically insignificant sample size of fifty-nine test subjects diminishes

any potential probative value that test results might have as a representative sample from which Occidental could extrapolate the likelihood or unlikelihood of mercury pollution in the private lands surrounding the chlorine plant. Defendant Occidental's assertion that documents related to the mercury testing program and Oceana's general mercury advocacy efforts in the Muscle Shoals area are relevant to the Plaintiffs' emotional distress claims are likewise without merit. Plaintiffs seek recovery for emotional distress brought about by Occidental's alleged pollution of their real property, which has interfered with their beneficial enjoyment of the land and harmed its value. Oceana's general efforts to eradicate an antiquated method of chlorine production and to inform the residents about the health hazards of mercury are simply not relevant to any claims for emotional distress brought about by property damage resulting from Occidental's alleged mercury pollution.

As noted above, Oceana is not a party to this suit and has no supervisory or advisory position with the plaintiffs in this suit. Occidental is perfectly entitled to commission any scientific study it sees fit to rebut the assertion by Plaintiffs that its Muscle Shoals plant site was or remains a source of mercury pollution. Occidental is also free to seek the test results of any volunteer test subject who also is a co-plaintiff in this litigation. Occidental's undertaking to seek the production of internal mercury testing communications and information about Oceana's mercury-related advocacy efforts, however, is a naked attempt to investigate a non-party whose interests and activities may have been and may continue to be adverse to its own. As none of the requested documents are related to any claim or defense in the underlying law suit and will not reasonably lead to the discovery of relevant evidence, the Court should deny Defendant Occidental's Motion to Compel and for good cause shown enter a protective order excluding any internal Oceana documents about its mercury testing efforts in Muscle Shoals or any information about its general mercury-related advocacy efforts.

## II. Confidential Nature of the Health Data that the Defendant Seeks Warrants Exclusion Where the Information Has No Bearing on the Claims or Defenses at Issue

The Court should deny Occidental's Motion to Compel the production of any records relating to Oceana's mercury testing of residents of the Muscle Shoals area because the information requested consists of confidential medical records and the subjects' privacy interests far outweigh the negligible relevance of the information.[3] "As a whole, 'Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly' . . . [a]nd '[i]t is appropriate for the court, in exercising its discretion . . . , to undertake some substantive balancing of interests . . . .'" *In re: Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) [hereinafter *Sealed Case*] (internal citations omitted). "Although [Rule 26(c)] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Id.* (citations omitted). "[W]here the actual content of the record has the potential to cause harm to the affected party, a court supervising discovery should consider this factor in determining how to exercise its traditional authority to limit disclosure." *Id.* (citing *Laxalt v. McClatchy*, 809 F.2d 885, 889-90 (D.C. Cir. 1987)).

In *Sealed Case*, the D.C. Circuit Court of Appeals remanded the district court's holding ordering the production of mental health records from a third party custodian where the district court failed to balance the individual's privacy interests against the moving party's need for

---

[3] Oceana objects to the production of any records relating to its mercury testing efforts in Muscle Shoals, Alabama to the extent that Occidental requests information in addition to redacted test results. Oceana offered to provide Occidental with redacted test results from its testing programs in Muscle Shoals on November 14, 2007, and it remains willing to provide those documents in satisfaction of Defendant's discovery request. (Occidental Mot. to Comp., Ex. K). Results from the fifty-nine subjects in the 2005 mercury hair testing in Muscle Shoals produced a mean value of .12 parts mercury per million, well below the National Academy of Science and Environmental Protection Agency acceptable dose of one part per million. KIMBERLY WARNER, OCEANA, MERCURY LEVELS IN HAIR OF COASTAL ALABAMA ANGLERS AND RESIDENTS 3 (2007).

information germane to its claim. 381 F.3d at 1218 (The Court "may not compel production of the appellant's records without . . . weighing the probative value of each of the non-privileged documents against the extent of the intrusion into the appellant's legitimate privacy interests."). In the instant case, Defendant asserts a request for test results and related internal documents that discuss confidential medical information from volunteer subjects that will have absolutely no bearing on any claim or defense and will have no "probable effect on the organization and presentation of the moving party's case." *Jewish War Veterans*, 506 F.Supp.2d at 42. Prior to submitting hair samples for testing, the volunteer subjects signed a consent form "guarant[eeing] the right to confidentiality unless you expressly waive it." Volunteer subjects consented to participation in the mercury study only after receiving explicit assurances that the results would remain private, and absent an express waiver from the participants, the Court should treat the results as confidential medical records. Occidental is free to seek the release of medical information of any Plaintiff through discovery in the case at hand without casting the net so far as to include all the medical and privacy information of the test subjects that submitted samples for testing to Oceana.

Oceana has already responded to the Occidental Subpoena by producing nineteen publicly-available documents, totaling 204 pages, that discuss in general its efforts to eradicate mercury-cell chlorine plants and the dangers of mercury pollution. Balancing the test subjects privacy interests, especially those who are in no way privy to the lawsuit against Occidental, and the concomitant likelihood of harm of disclosure against the relatively weak, if not nonexistent, probative value of the confidential medical records, the Court should err on the side of preventing any "intrusion into the [subjects] legitimate privacy interests." *Sealed Case*, 381 F.3d at 1218. Accordingly, the Court should deny Occidental's Motion to Compel the production of any records relating to Oceana's

mercury testing of residents of the Muscle Shoals area, and for good cause shown, enter a protective order excluding such documents.

## **CONCLUSION**

Occidental seeks the discovery of materials that have no bearing on the claims or defenses in this case. Additionally, Occidental seeks the production of confidential health information that is similarly not relevant to any claim or defense in this case, the disclosure of which could potentially harm the volunteer test subjects. Accordingly, for the good cause shown above, Oceana respectfully requests that this Court (1) deny Occidental's Motion to Compel Oceana to Comply with Subpoena; and (2) grant Oceana's cross-motion for entry of an order requiring Occidental to limit the scope of its discovery requests to information relating to potential pollution of land in around its Muscle Shoals, Alabama plant.

Dated: December 04, 2007

WILEY REIN LLP

_____
Rodney H. Glover
Bar No. 387257
1776 K Street, N.W.
Washington, DC 20006
Telephone: (202) 719-7381
Facsimile: (202) 974-1426
Email: rglover@wileyrein.com

Eric A. Bilsky, Senior Attorney, Oceana
Bar No. 433612
Oceana, Inc.
2501 M Street, N.W. Suite 300
Washington, D.C. 20037
Telephone: (202) 202.833.3900
Facsimile: (202) 833.2070
Email: ebilsky@oceana.org

**CERTIFICATE OF SERVICE**

    I, Rodney H. Glover, counsel for Oceana, Inc., HEREBY CERTIFY that on this 4th day of December, 2007, a copy of the foregoing was served via facsimile and first-class mail, postage prepaid, upon:

    William J. Curtis, Esq.
    Husch & Eppenberger, LLC
    190 Carondelet Plaza
    Suite 600
    St. Louis, MO 63105-3441
    Attorney for Occidental Chemical Corporation

    Jere L. Beasley, Esq.
    Rhon E. Jones, Esq.
    Alyce S. Robertson, Esq.
    Beasley, Allen, Crow, Methvin,
    Portis & Miles, P.C.
    218 Commerce Street
    P.O. Box 4160
    Montgomery, AL 36103
    Attorneys for Plaintiffs

    R. Leland Lesley, Esq.
    R. Leland Lesley, P.C.
    2908 Crescent Avenue
    Birmingham, AL 35209-2522
    Attorneys for Plaintiffs

_____
Rodney H. Glover

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re : Oceana Subpoena

| | |
|---|---|
| RIVERSIDE TEXACO, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.  1:07-mc-00504 |
| v. ) | JUDGE KOLLAR-KOTELLY |
| ) | |
| OCCIDENTAL CHEMICAL CORPORATION, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### [PROPOSED] ORDER ON OCCIDENTAL CHEMICAL CORPORATION'S MOTION TO COMPEL AND OCEANA, INC.'S CROSS MOTION FOR PROTECTIVE ORDER

For good cause shown, it is hereby

ORDERED that Defendant Occidental Chemical Company's Motion to Compel non-party Oceana, Inc. to comply with subpoena is hereby DENIED.  It is further

ORDERED, that Oceana's Crossmotion for a Protective Order is here by GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this _____ date of December, 2007.

_____
United States District Judge