IN THE UNITED STATE DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RIVERSIDE TEXACO, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OCCIDENTAL CHEMICAL )<br>CORPORATION, )<br>)<br>Defendant. ) | Case No. 1:07-mc-00504<br>JUDGE JAMES ROBERTSON |

**DEFENDANT OCCIDENTAL CHEMICAL CORPORATION'S
REPLY IN SUPPORT OF MOTION TO COMPEL NON-PARTY OCEANA, INC.
TO COMPLY WITH SUBPOENA**

Defendant Occidental Chemical Corporation ("OxyChem"), by and through its undersigned counsel, respectfully submits this Reply in support of its Motion to Compel non-party Oceana, Inc. ("Oceana") to comply with the subpoena *duces tecum* issued pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Motion") (Doc. #1).

**Background**

Oceana's Opposition to OxyChem's Motion (Doc. #10)[1] raises two arguments against production: relevancy and the privacy interests of those persons tested for mercury.  Neither argument warrants denial of OxyChem's Motion or the issuance of a protective order.

As previously noted, OxyChem is the defendant in a case alleging mercury contamination in the Muscle Shoals, Alabama area.  Although plaintiffs originally brought a class action alleging property damage, physical injury and emotional distress, plaintiffs have amended the complaint to a mass action and dropped their physical injury claims.  The claims that remain, however, still are based on OxyChem's alleged "creation of conditions that are *harmful to human*

---

[1] Oceana's Opposition doubles as a Motion for Protective Order.  (Doc. #10).  For ease of reference, OxyChem refers to Oceana's Opposition/Motion for Protective Order simply as "Opposition."

*health and the environment.*" *See* Motion (Doc. #1), Exhibit A, ¶¶ 290, 292 (emphasis added). In other words, plaintiffs' claims of emotional distress and property damage are based not just on the contamination of their properties, but on plaintiffs' perception that any mercury on their properties is harmful.

Oceana's activities no doubt contributed to plaintiffs' perception. Approximately one year prior to the filing of plaintiffs' suit, Oceana advertised to the residents of Muscle Shoals that their "neighbor" OxyChem was the "#1 source of mercury in Alabama." *Id.*, Exhibit B. This was part of Oceana's "mercury-related advocacy efforts" in the area to eradicate OxyChem's chlorine production. Oceana's Opp. (Doc. #10), p. 5-6. As part of this advocacy effort, Oceana "inform[ed] the [Muscle Shoals] residents about the health hazards of mercury," and offered to test any and all Muscle Shoals community members to determine the amount of mercury in their systems. Oceana admits that nearly sixty (60) community members had this testing done, including some of the plaintiffs in the underlying action against OxyChem. Oceana's Opp. (Doc. #10), p. 8.

Potentially, Oceana has in its possession mercury sampling results from numerous plaintiffs, drafts of reports released as well as reports that were never released, drafts of media outreach Oceana planned to undertake if its sampling results for the Muscle Shoals area were higher, "internal mercury testing communications," and several documents regarding its "mercury-related advocacy efforts" in the Muscle Shoals area, which included "inform[ing] the [Muscle Shoals] residents about the health hazards of mercury." *Id.*, p. 5-6. All of these documents are highly relevant to the underlying litigation and within Oceana's sole custody and control. Therefore, Oceana is required to produce them in response to OxyChem's valid subpoena.

2843891.01                                     2

Moreover, Oceana's documents are not confidential medical records, as argued by Oceana, nor should they be treated as such. Most of the documents sought by the subpoena are internal communications, draft and final reports, testing methods and protocols used by Oceana, etc. Even assuming some of the information which OxyChem seeks is confidential and/or protected, OxyChem always has been willing to accept redacted versions of individual sampling results, and therefore Oceana's confidentiality argument is moot. OxyChem rejected Oceana's prior offers because Oceana offered to produce <u>only</u> redacted individual results without producing any other internal note, email, draft, media plan, or other documents identified in the subpoena. OxyChem rejected Oceana's proposal because it is entitled to receive <u>all</u> documents listed in the subpoena, not just redacted individual sampling results.

Notably, nowhere in its Opposition/Motion for Protective Order does Oceana claim that production of these other documents subjects it to annoyance, embarrassment, oppression, or undue burden or expense, as required by Rule 26(c). Accordingly, Oceana's request for a protective order should be denied.

<u>**Analysis**</u>

**A. <u>The subpoena seeks relevant documents and/or information.</u>**

As Oceana correctly notes, "[r]elevance for discovery purposes is broadly construed." Oceana's Opp. (Doc. #10), p. 5 (citing *Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005)). It therefore "encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." *Alexander v. F.B.I.*, 194 F.R.D. 316, 325 (D.D.C. 2000) (citing 8 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2008 (2d ed. 1994) (Stating that relevance is to be construed liberally and that "it is not too strong to say that a request for discovery should be considered relevant if there is any

possibility that the information sought may be relevant to the subject matter of the action.")).  In other words, "[a] party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case."  Oceana's Opp. (Doc. #10), p. 5 (citing *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F.Supp.2d 30, 42 & 46 (D.D.C. 2007) (documents that had "potential to shed light on" issues in case were relevant).

"Moreover, the general policy favoring broad discovery is particularly applicable where, as here, the court making the relevance determination has jurisdiction only over the discovery dispute, and hence has less familiarity with the intricacies of the governing substantive law than does the court overseeing the underlying litigation."  *Jewish War Veterans*, 506 F.Supp.2d at 42 (citations omitted); *see also Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 103 (D.D.C. 2005) ("A court with jurisdiction over a discovery dispute for an action pending in a different district generally has limited exposure to and understanding of the primary action.  A court in such a situation should hence be cautious in determining relevancy of evidence, and in case of doubt should err on the side of permissive discovery.") (citations omitted).

Oceana claims the information sought by the subpoena is not relevant to the claims or defenses in the underlying litigation because the plaintiffs seek damages only for injury to property and emotional distress, not for personal injury.  Oceana's Opp. (Doc. #9), p. 5-6.  Such arguments ignore the clear and unambiguous allegations in plaintiffs' complaint, which is fraught with allegations concerning the alleged harmful effects of mercury:

- "…toxic and/or harmful substances have been discharged continuously by [OxyChem] since the date when they [sic] acquired the Plant."  (¶ 278);

- "Mercury is a highly toxic metal, and acts as a neurotoxin in the body."  (¶ 280);

- "Mercury is bioaccumulative.  Exposure to mercury in adults may cause decreased fertility, blood pressure problems, memory loss, tremors, vision loss, and numbness of the fingers and toes.  It is also suspected of causing heart disease.  In pregnant women, mercury exposure may create a risk for the developing fetus.  In children, high levels of mercury exposure may cause mental retardation, cerebral palsy, deafness, and blindness, and lower levels of mercury exposure may cause problems with fine motor skills and attention span, in addition to developmental delays." (¶ 281);

- "[OxyChem's] negligent acts and omissions proximately caused and continue to proximately cause damage to Plaintiffs in the form of property damage and the creation of conditions that are harmful to human health and the environment." (¶ 290); and

- "As a direct result of the acts and omissions of [OxyChem],…C) Plaintiffs have sustained and will continue to sustain property damage, economic loss, and personal injury to include emotional distress, anxiety, mental anguish, and worry over the wrongful actions by [OxyChem]."  (¶ 292).

Motion (Doc. #1), Exhibit A.[2]

Contrary to Oceana's argument, the underlying claims (and defenses) are very much based on plaintiffs' exposure to mercury and the alleged harmful effects thereof.  Indeed, many of plaintiffs' causes of action contain a "harmful" element.  In order to establish their nuisance claim, plaintiffs must show "hurt, inconvenience or damage" sufficient enough to affect "an ordinary reasonable man."  Ala. Code § 6-5-127 (2007).  In order to establish their emotional distress claim, plaintiffs must prove either wanton conduct or that they were in a "zone of danger," *i.e.* at immediate risk of physical harm.  *See Wal-Mart Stores, Inc. v. Bowers*, 757 So.2d 1201 (Ala. 1999) (noting damages for mental anguish are not recoverable in torts alleging mere injury to property without proof of "circumstances of insult or contumely"); *AALAR, Ltd. v. Francis,* 716 So.2d 1141 (Ala. 1998) (setting forth zone of danger test, including the requirement that plaintiff either be physically injured or placed in immediate risk of physical injury).

---

[2] OxyChem denies these allegations and relies on them in this Reply solely for purposes of argument.

Documentation regarding Oceana's mercury testing and advocacy efforts in the Muscle Shoals area, which included "informing the community of the health effects of mercury," relates to plaintiffs' fears, whether plaintiffs were hurt or damaged by their mercury exposure, and whether they were placed in immediate risk of physical injury. The documents sought by OxyChem are highly relevant to plaintiffs' claims and alleged damages, and certainly will have a "probable effect on the organization and presentation of" OxyChem's defenses thereof.[3]

At a minimum, the documents sought by the subpoena bear on, or will reasonably lead to other matters that could bear on, several issues in the case. Oceana cannot and does not deny that it spent a considerable amount of time in the Muscle Shoals area discussing mercury issues with the residents around OxyChem's plant, disseminating mercury related information to residents around OxyChem's plant, planning and executing mercury related media and outreach events, testing community members for mercury, analyzing and interpreting the results, debating how to publicize the results, and ultimately deciding not to widely advertise or publicize the results locally. This information clearly is relevant to a mass tort case brought by the very same residents Oceana interacted with and/or tested for mercury. Oceana's documentation may contain direct evidence about what plaintiffs know about the sources of mercury, what plaintiffs know about the potential health effects of mercury exposure, when information regarding these issues was available to plaintiffs, and actual mercury exposure in the Muscle Shoals area. Because Oceana's documents are relevant and this Court should err on the side of permissive discovery, OxyChem respectfully asks that this Court deny Oceana's motion for a protective order and grant OxyChem's motion to compel Oceana to comply with the subpoena.

---

[3] This is particularly true given the fact that Oceana's testing reveals the mean mercury level in persons in Muscle Shoals was "well below" the National Academy of Science and Environmental Protection Agency's acceptable dose. Oceana's Opp. (Doc. #9), p. 7, n.3. This information is highly relevant to whether any alleged nuisance rises to the level of affecting "an ordinary reasonable man" and/or whether plaintiffs were placed in "immediate risk of physical harm."

**B.  The subpoena does not seek privileged and/or confidential information.**

Oceana argues that OxyChem's Motion must be denied and a protective order granted because the subpoena seeks confidential medical information.  Oceana asks this Court to treat its test results as confidential medical records.  Oceana's Opp. (Doc. #9), p. 7.  Oceana's argument fails for several reasons.

First and foremost, Oceana's argument fails because it is moot.  OxyChem repeatedly has stated its willingness to accept redacted versions of documents containing personally identifiable medical information and to obtain the necessary releases/waivers if it determines that it needs unredacted information for plaintiffs in the underlying action.  Motion (Doc. #1), Exhibit H.

Oceana's confidentiality argument mischaracterizes OxyChem's position.  OxyChem does not oppose the production of redacted material.  What OxyChem opposes is the production of redacted testing results for individuals in exchange for its right to obtain all of Oceana's other internal documents listed in the subpoena – internal communications, draft reports, testing methods and protocols, flyers or brochures disseminated to the public, and all other documents relating to Oceana's mercury testing or mercury advocacy efforts in the Muscle Shoals area.  Clearly, these documents are not medical records and should not be treated as such.[4]

Second, Alabama does not recognize a patient-physician privilege and/or the confidentiality of all medical records:

> …the Alabama legislature apparently does not recognize as reasonable an expectation of privacy in all medical records. For instance, although the legislature has adopted a psychotherapist-patient privilege, see § 34-26-2, Ala.

---

[4] In a footnote, and without stating the basis for the objection, Oceana "objects to the production of any records relating to its mercury testing efforts in Muscle Shoals, Alabama to the extent that [OxyChem] requests information in addition to redacted test results."  Oceana's Opp. (Doc. #10), p. 7, n.3.  OxyChem presumes that Oceana's objection is limited to relevancy, as that is the only other issue addressed in its Opposition/Motion for Protective Order.  As noted, however, any arguments based on relevancy fail, and therefore Oceana should be compelled to produce all documents identified in the subpoena.  To the extent Oceana objects to production of other documents on grounds other than relevancy, such argument is waived for failure to raise it in the Opposition/Motion for Protective Order.

2843891.01                                              7

>Code 1975, there is no Alabama statute that provides for a general physician-patient privilege. "There is no privilege in Alabama covering communications between a physician and a patient or the physician's knowledge of the patient's condition acquired by reason of the relationship. It customarily is phrased that communications to a physician or surgeon by a patient or one seeking professional advice are not privileged under common law and no such privilege exists in Alabama, absent a statute creating it." C. Gamble, *McElroy's Alabama Evidence,* § 413.01 at 1677 (5th ed. 1996) (footnotes omitted); see Rule 503, Ala. R. Evid. (recognizing only psychotherapist-patient privilege).

*Tims v. State*, 711 So.2d 1118, 1122 (Ala. Crim. App. 1997) (hospital records showing a person's blood alcohol levels are not privileged or protected medical records).[5] Thus, it is far from clear that any privilege or protection applies to these documents, even if they are considered medical records. For this reason, Oceana's reliance on *In re: Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) is misplaced. Oceana's Opp. (Doc. #10), p. 7-8. *In re: Sealed Case* involved the federal psychotherapist-patient privilege and a request for mental health records. This case – seeking records relating to Oceana's mercury testing and advocacy efforts – is markedly different. No federal or state law psychotherapist-patient privilege applies here.

Third, even assuming that the Health Insurance Portability and Accountability Act ("HIPAA") applies to protect any of the information sought by the subpoena, which OxyChem denies because Oceana is not a "covered entity" as defined by HIPAA, any confidentiality provided by HIPAA is adequately protected by OxyChem's stipulation to accept redacted material.[6] Hence, neither state nor federal protection laws warrant denial of OxyChem's Motion or issuance of a protection order.

---

[5] Because plaintiffs allege only state law claims in the underlying action, state privilege law applies. *See In re: Sealed Case*, 381 F.3d at 1212 ("when a plaintiff asserts federal claims, federal privilege law governs, but when he asserts state claims, state privilege law applies").

[6] Notably, Oceana *published* some of this information several months ago, albeit in aggregate form. Motion (Doc. #1), Exhibit D. Clearly, Oceana does not treat the information as completely private and/or confidential. OxyChem simply asks Oceana to produce the results in non-aggregate form, redacting all personally identifiable information except for the residential street names for any persons tested.

Finally, even if this Court engages in the "balancing of interests" test requested by Oceana, such test does not weigh in favor of non-production. As noted above, the relevancy of the information sought is high. Any privacy interest of the subjects is adequately protected by the redaction of identifiable information. Production of the information in this fashion protects the individuals' privacy interests and OxyChem's rights to full and fair discovery. Accordingly, Oceana's motion for a protective order should be denied, OxyChem's motion to compel granted, and Oceana should be ordered to produce all documents identified in the subpoena *duces tecum*, including redacted versions of any documents which reveal individually identifiable information for any given participant.

## Conclusion

WHEREFORE, for all of the foregoing reasons, Defendant Occidental Chemical Corporation, respectfully asks this Court to:

(a) deny Oceana's Motion for a Protective Order;

(b) grant its Motion to Compel Oceana to comply with the subpoena *duces tecum* previously issued pursuant to Rule 45 of the Federal Rules of Civil Procedure;

(c) order Oceana to produce all documents identified in the subpoena within ten (10) days of the Court's order; and

(d) for any such further relief as this Court deems just and appropriate.

Respectfully submitted,

**HUSCH & EPPENBERGER, LLC**


By: /s/   William J. Curtis
William J. Curtis, *pro hac vice*
Michael H. Wetmore, *pro hac vice*
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Email: william.curtis@husch.com
Email: michael.wetmore@husch.com

John K. Power, *pro hac vice*
1200 Main Street, Suite 2300
Kansas City, MO  64105
Telephone: (816) 421-4800
Facsimile: (816) 421-0596
Email: john.power@husch.com

AND

**BLACKWELL SANDERS, LLP**
Marvin T. Griff
DC Bar No. 423839
750 17th Street, NW, Suite 1000
Washington, D.C. 20006
Telephone: (202) 378-2311
Facsimile: (202) 378-2319
mgriff@blackwellsanders.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy on counsel for all parties in this proceeding by mailing the same by United States Mail, first-class postage prepaid to:

| | |
|---|---|
| Rhon Jones, Esq.<br>Alyce S. Robertson, Esq.<br>BEASLEY, ALLEN, CROW, METHVIN,<br>PORTIS & MILES, P.C.<br>218 Commerce Street<br>P.O. Box 4160<br>Montgomery, AL  36103 | Lee Lesley, Esq.<br>R. Leland lesley, P.C.<br>2908 Crescent Avenue<br>Birmingham, AL 35209 |
| Rodney H. Glover, Esq.<br>WILEY REIN, LLP<br>1776 K Street, N.W.<br>Washington, D.C. 20006 | Eric A. Bilsky, Senior Attorney,<br>OCEANA, INC.<br>2501 M Street, N.W., Suite 300<br>Washington, D.C. 20037 |

　/s/ William J. Curtis
*Attorney for Defendant*